IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD DANDAR, | ) | |
|     Petitioner, | ) | Civil Action No. 12-151 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| KEN CAMERON, et al., | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Petitioner, Ronald Dandar, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. The petition has not been served yet but this Court may dismiss it if it plainly appears on its face that Dandar is not entitled to relief in habeas. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases. That is the case here and therefore it is recommended that the petition be summarily dismissed without service and a certificate of appealability be denied.

**II.    REPORT**

    **A.    Relevant Background**

Dandar is well known to this Court. He has filed numerous frivolous actions here in which he has challenged judgments of sentences imposed by the Court of Common Pleas of Erie County on August 31, 1983, at Criminal Docket Nos. 1982-1462 through 1467, and on February 6, 2004, in a probation revocation proceeding. In the instant petition, he is attempting once again to invalidate the judgments of sentences imposed on the aforementioned dates.

1

On or around July 23, 2002, Dandar (who was on parole at the time) filed with this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged the August 31, 1983, judgment of sentence. That petition was docketed as Dandar v. Commonwealth, et al., 1:02-cv-222 (W.D. Pa.) and assigned to the Honorable Sean J. McLaughlin, who referred the case to me. I subsequently issued a Report and Recommendation ("R&R") advising that the petition be dismissed as untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that a certificate of appealability be denied. Judge McLaughlin adopted the R&R as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability. The Court of Appeals denied Dandar's subsequent request for a certificate of appealability. See Oct. 27, 2005, *Order* in Dandar v. Commonwealth, et al., Court of Appeals Docket No. 05-3731 (3d Cir.).

On or around December 27, 2005, Dandar initiated in this Court a habeas corpus action in which he challenged his February 6, 2004, probation revocation judgment of sentence. That action was docketed as Dandar v. Good, et al., 3:05-cv-00472 (W.D. Pa.) and assigned to Judge McLaughlin, who referred the case to me. I issued an R&R in which I recommended that the petition be denied as untimely and procedurally barred, and that a certificate of appealability be denied. Judge McLaughlin adopted the R&R as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability. The Court of Appeals denied Dandar's subsequent request for a certificate of appealability. See Oct. 22, 2007, *Order* in Dandar v. Good, et al., Court of Appeals Docket No. 07-2916 (3d Cir.).

Since that time, Dandar has filed a series of federal habeas petitions here in which he has challenged his August 31, 1983, judgment of sentence and/or his February 6, 2004, probation revocation sentence. See Commonwealth v. Good, et al., 1:06-cv-00046 (W.D. Pa.); Dandar v. Commonwealth, et al., 1:06-cv-00302 (W.D. Pa.); Dandar v. Krysevig, et al., 1:08-cv-60 (W.D. Pa.); Dandar v. Cameron, et

al., No. 1:11-00042 (W.D. Pa.); Dandar v. Cameron, et al., No. 1:11-112 (W.D. Pa.). This Court dismissed each of those cases as second or successive, 28 U.S.C. § 2244(b), and in each the Court of Appeals denied a request for a certificate of appealability.

On the same day he filed the instant petition, Dandar filed with this Court an almost identical one that he insisted be docketed separately. That petition is pending at Dandar v. Cameron, et al., No. 1:12-152 (W.D. Pa.). I have issued a Report and Recommendation in that case in which I recommend, as I do here, that that petition be summarily dismissed.

**B.  Discussion**

Because in the instant habeas petition Dandar is once again challenging his same state judgments of sentences, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision of AEDPA. In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007). See also Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010).

A review of the computerized docket of the Court of Appeals establishes that Dandar has not received from it permission to file a second or successive petition. Therefore, the instant habeas petition must be dismissed because this Court lacks jurisdiction. Burton, 549 U.S. at 152-54.

3

It is further noted that Dandar has attached to his petition a document in which he states that he is invoking a "writ of error *coram nobis*." [ECF No. 1-2 at 1]. No matter what label Dandar places on this filing, this Court must construe his request for relief in the instant case as being filed under 28 U.S.C. § 2254, which is the exclusive avenue for a state prisoner challenging the constitutionality of his judgment of sentence and seeking release from confinement. See, e.g., Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001); B. Means, FEDERAL HABEAS MANUAL § 1:34 (June 2012). Moreover, the writ of *coram nobis* is not available to Dandar. In federal district court, it is available to individuals that have been sentenced here "to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." United States v. Stoneman, 870 F.2d 102, 105-06 (3d Cir. 1989) (citing United States v. Morgan, 346 U.S. 502, 508 (1954)). The Court of Appeals for the Third Circuit has held that a federal district court lacks jurisdiction to entertain a petition for a writ of error *coram nobis* where a petitioner seeks to vacate a state court conviction. Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (per curiam). In so holding, it agreed with the decisions of other courts of appeals, which had ruled that *coram nobis* relief is only available in the court that issued the criminal judgment. As explained by the Court of Appeals for the Seventh Circuit, *coram nobis* arose as a device to extend the period in which the judge who rendered a decision could reexamine it. Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992). Thus, the "usages and principles of law" send an applicant seeking *coram nobis* to the court that issued the judgment. Id.

C. **Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It

4

provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Dandar is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: July 16, 2012  /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: The Honorable Sean J. McLaughlin
United States District Judge