# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD DANDAR,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 12-151 Erie** |
| | ) | |
| **v.** | ) | **District Judge Sean J. McLaughlin** |
| | ) | **Magistrate Judge Susan Paradise Baxter** |
| **KEN CAMERON, et al.,** | ) | |
| **Respondent.** | ) | |

## MEMORANDUM ORDER

**SEAN J. McLAUGHLIN, District Judge.**

Before the Court is Petitioner Ronald Dandar's Motion to Re-Open Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] [ECF No. 16]. Also pending is a motion that he has entitled "Motion as to Whether Judge McLaughlin Knew and/or Had Full Personal Knowledge that Petitioner's Non-Jury Trial on 2-5-2004 Was Rigged and Supplemental Objections to Close Case and to Re-Open and For Recusal." [ECF No. 17]. For the reasons that follow, both motions are denied.

## I.

### A.      Relevant Background[2]

In March of 1983, an Erie County jury convicted Dandar at Criminal Docket Nos. 1982-1462 through 1467 of various crimes, including criminal attempt, unsworn falsifications,

---

[1]      Dandar also cites to Rule 60(b) of the Federal Rules of Civil Procedure. Because he has filed his motion within 28 days of this Court's entry of judgment, it is properly construed as a motion to alter or amend a judgment pursuant to Rule 59(e). However, Dandar is not entitled to relief under either Rule because there is no basis for this Court to reconsider its judgment in this case.

[2]      The following background regarding Dandar's state criminal proceedings is taken largely from the Report and Recommendation issued on January 5, 2010, by Magistrate Judge Susan Paradise Baxter in the related case of Dandar v. Krysevig, 1:08-cv-60 (W.D. Pa.)

tampering with records, forgery, theft by deception, and criminal attempt at forgery.  On August 31, 1983, the Honorable William E. Pfadt sentenced him to an aggregate period of incarceration of 15-30 years, plus 30 years of probation.  Dandar received his probation sentences on the convictions at Criminal Docket Nos. 1465, 1466, and 1467 of 1982.

In July of 2002, Dandar (who was on parole at the time) filed with this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged the August 31, 1983, judgment of sentence.  That petition was docketed as Dandar v. Commonwealth, et al., 1:02-cv-222 (W.D. Pa.).  The Court dismissed the petition as untimely and denied a certificate of appealability.  The Third Circuit Court of Appeals denied Dandar's subsequent request for a certificate of appealability.  See Oct. 27, 2005, Order in Dandar v. Commonwealth, et al., Court of Appeals Docket No. 05-3731 (3d Cir.).

In the meantime, Dandar had been recommitted as a technical parole violator and, in addition, faced revocation of the sentences of probation that he had received at Criminal Docket Nos. 1465 and 1467 of 1982.  On February 5, 2004, the Honorable William R. Cunningham presided over a revocation hearing on the sentences of probation.  The next day, on February 6, 2004, Judge Cunningham issued an order revoking the sentences of probation and sentencing Dandar to 23 1/2 to 47 years' imprisonment.

On or around December 27, 2005, Dandar initiated in this Court another habeas corpus action in which he challenged his February 6, 2004, judgment of sentence.  That action was docketed as Dandar v. Good, et al., 3:05-cv-00472 (W.D. Pa.).  This Court dismissed the petition as untimely and procedurally barred and denied a certificate of appealability.  The Third Circuit Court of Appeals denied Dandar's subsequent request for a certificate of appealability.  See Oct. 22, 2007, Order in Dandar v. Good, et al., Court of Appeals Docket No. 07-2916 (3d Cir.).

2

Since that time, Dandar has filed with this Court a series of federal habeas petitions in which he has challenged his August 31, 1983, judgment of sentence and/or his February 6, 2004, judgment of sentence.  See Dandar v. Good, et al., 1:06-cv-00046 (W.D. Pa.); Dandar v. Commonwealth, et al., 1:06-cv-00302 (W.D. Pa.); Dandar v. Krysevig, et al., 1:08-cv-60 (W.D. Pa.); Dandar v. Cameron, et al., No. 1:11-00042 (W.D. Pa.); Dandar v. Cameron, et al., No. 1:11-112 (W.D. Pa.).  This Court dismissed each of those cases as second or successive, 28 U.S.C. § 2244(b), and the Third Circuit Court of Appeals denied Dandar's requests for a certificate of appealability.

Dandar commenced this habeas action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 at this docket number on or around July 3, 2012.  The case was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b) and Local Rule 72.  On the same day he filed the instant petition, Dandar also filed with this Court an almost identical one that he insisted be docketed separately.  That petition was docketed at Dandar v. Cameron, et al., No. 1:12-152 (W.D. Pa.).

On July 16, 2012, the Magistrate Judge recommended that the petition filed at this docket number [ECF No. 2] and the one filed at Civil Action No. 1:12-152 be summarily dismissed without service pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases, and that a certificate of appealability be denied.  The Magistrate Judge explained that in each case, Dandar was once again challenging his same state judgments of sentences and, therefore, the petitions that he filed were subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  In pertinent part, AEDPA mandates that before filing a successive habeas corpus

3

petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  Once a petitioner moves for authorization to file a successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2).  See U.S.C. § 2244(b)(3)(C).  AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings.  Burton v. Stewart, 549 U.S. 147 (2007).  See also Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010).

Dandar filed objections to the Magistrate Judge's Report and Recommendation.  [ECF No. 8].  On August 23, 2012, this Court issued a Memorandum Order adopting the Magistrate Judge's recommendation in full because Dandar has not received from the Third Circuit Court of Appeals permission to file a second or successive petition.  Dandar's habeas petition was dismissed for lack of jurisdiction and this case was closed.  [ECF No. 9].  On October 3, 2012, this Court issued a similar order in Dandar's habeas case at Civil Action No. 1:12-152.

In the three weeks that followed this Court's issuance of its Memorandum Order, Dandar filed five motions in which he requested various forms of relief to which he is not entitled.  [ECF Nos. 10-14].  For example, although this Court had explained that it lacked jurisdiction to entertain any challenge to his state judgments of sentences, Dandar continued to insist that they were unconstitutional.  He also raised numerous challenges to his conditions of his confinement, which he cannot do in a habeas action.  Rather, he must bring such claims in a civil rights action filed under 42 U.S.C. § 1983.  See generally Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (June 2012).  See also Cardona v. Bledsoe, 681 F.3d 533, 535-38 (3d Cir. 2012); McGee v.

Martinez, 627 F.3d 933 (3d Cir. 2010); Williams, et al. v. Sec'y Pennsylvania Dep't of Corr., 459

F.App'x 87, 88-89 (3d Cir. 2012).

 The Court denied each of Dandar's motions.  Now, he has filed a motion in which he

expressly requests that this case be reopened pursuant to Rule 59(e) of the Federal Rules of Civil

Procedure [ECF No. 16].  He also has filed a motion that he has entitled "Motion as to Whether

Judge McLaughlin Knew and/or Had Full Personal Knowledge that Petitioner's Non-Jury Trial

on 2-5-2004 Was Rigged and Supplemental Objections to Close Case and to Re-Open and For

Recusal." [ECF No. 17].


## II.

 The standard for obtaining relief under Rule 59(e) is difficult for a party to meet.  The

Third Circuit Court of Appeals has explained:

> The scope of a motion for reconsideration, we have held, is extremely limited.
> Such motions are not to be used as an opportunity to relitigate the case; rather,
> they may be used only to correct manifest errors of law or fact or to present newly
> discovered evidence.  Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.,
> 602 F.3d 237, 251 (3d Cir. 2010).  "Accordingly, a judgment may be altered or
> amended [only] if the party seeking reconsideration shows at least one of the
> following grounds: (1) an intervening change in the controlling law; (2) the
> availability of new evidence that was not available when the court [dismissed the
> petition for writ of habeas corpus]; or (3) the need to correct a clear error of law
> or fact or to prevent manifest injustice."  Id. (quotation marks omitted) (emphasis
> added).

Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

 Dandar has not established any of the factors set forth above in either his Rule 59(e)

motion [ECF No. 16] or his "supplemental objections" [ECF No. 17].  He has failed to show that

there has been an intervening change in the controlling law, the availability of new evidence that

was not available when this Court dismissed his habeas petition, or the need to correct a clear

error of law, a clear error of fact, or to prevent manifest injustice.  There is no basis for this Court

to reopen this case and reconsider its judgment to dismiss the petition for lack of jurisdiction.  In

fact, the Third Circuit Court of Appeals recently denied Dandar's application for leave to file a

second or successive habeas petition.  See June 14, 2012 Order in In re: Dandar, Court of

Appeals Docket No. 12-1229 (3d Cir.).

　　　Dandar also moves for my recusal.  [ECF No. 17].  Section 455(a) of title 28 provides

that a presiding federal judge "shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned."  The test for recusal is whether a "reasonable

person, with knowledge of all the facts, would conclude that the judge's impartiality might

reasonably be questioned."  In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003)

(citation omitted).  Section 455(b)(1) provides that a judge shall also disqualify himself where he

has "personal bias or prejudice concerning a party, or personal knowledge of disputed

evidentiary facts concerning the proceeding."

　　　The only basis that Dandar advances in support of recusal is his allegation that I am "a

material [and] necessary witness" because I "knew and/or had full personal knowledge that [his]

non-jury trial on 2-5-2004 was rigged."  [ECF No. 17 at 1].  February 5, 2004, was the date that

Judge Cunningham presided over Dandar's revocation hearing.  I have no personal knowledge of

that proceeding, and Dandar has offered no support for his contention that I did.  His

unsubstantiated and conclusory statements do not suffice to support a motion for recusal.  See,

e.g., Hill v. Carpenter, 323 F.App'x 167, 170 (3d Cir. 2009) (upholding district court's refusal to

recuse itself where "conclusory allegations" in the motion "failed to provide evidence to support

this accusation[.]") (citing United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989)

("[c]onclusory statements and opinions" made in support of a motion for recusal "need not be

6

credited")).  Furthermore, Dandar cannot manufacture grounds for recusal by making outlandish

accusations against the presiding judge or vague accusations of conspiracy against him.  See,

e.g., Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1355-57 (3d Cir. 1990).  See also Gallop v.

Cheney, 645 F.3d 519, 521 (2d Cir. 2011) (denying motion for recusal) and Gallop v. Cheney,

660 F.3d 580, 582 (2nd Cir. 2011) (describing bizarre allegations made in the motion for recusal).

Finally, there is nothing in the record from which a reasonable person, with knowledge of all the

facts, would conclude that my impartiality might reasonably be questioned.


## III.

Accordingly, this **11th** day of **October, 2012**, it is hereby **ORDERED** that Dandar's Motion

to Re-Open Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [ECF No. 16]

and "Motion as to Whether Judge McLaughlin Knew and/or Had Full Personal Knowledge that

Petitioner's Non-Jury Trial on 2-5-2004 Was Rigged and Supplemental Objections to Close Case

and to Re-Open and For Recusal" [ECF No. 17] are **DENIED**.


s/_____
Sean J. McLaughlin
United States District Court Judge
Western District of Pennsylvania